**FILED**

NFi

FEB 0 2 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

05C 609

EQUAL EMPLOYMENT ) 
OPPORTUNITY COMMISSION, )
 )
      Plaintiff, )
 )
      v. )
 )
CHICAGO HORTICULTURAL )
SOCIETY, )
      Defendant. )
 )
_____ )

CIVIL ACTION NO. **JUDGE PALLMEYER**

**MAGISTRATE JUDGE ASHMAN**

COMPLAINT

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ellen Weber ("Weber") who was adversely affected by such practices. As alleged with greater particularity below, Defendant Chicago Horticultural Society ("Defendant") denied Weber, a qualified individual with a disability, multiple sclerosis, a reasonable accommodation and terminated her employment because of her disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, the Chicago Horticultural Society, has continuously been an Illinois not-for-profit corporation doing business in the State of Illinois and the City of Glencoe, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Weber filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

8. On or about May 2003, Defendant engaged in unlawful employment practices at the Chicago Botanic Garden, which it operates, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A). Such practices include, but are not limited to, denying Weber a reasonable accommodation of medical leave and terminating Weber's employment because of her disability.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Weber of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Weber.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Weber, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to

3

eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement or frontpay.

     D.     Order Defendant to make whole Weber by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to, job search and medical expenses, in amounts to be determined at trial.

     E.     Order Defendant to make whole Weber by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including, but not limited to, pain, suffering, emotional distress, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     F.     Order Defendant to pay Weber punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel
JAMES LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

Ann M. Henry
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-8558

5